IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CR-00163-M-RN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KENNETH BRANDON POMEROY, JR.,

      Defendant.

ORDER

This matter comes before the court on Defendant's pro se Motion for Reconsideration [DE 52]. He asks the court to reconsider its May 22, 2026, order, which denied a motion seeking the return of currency that was listed in a forfeiture order. *Id.* at 1; *see also* DE 46. For the following reasons, the motion is denied.

Defendant argues that "newly discovered evidence" demonstrates that the forfeiture order is not yet final. DE 52 at 1. Specifically, he points to a letter sent by the United States to Shania N. Jones, which advised her that she had the right to assert an interest in the forfeited currency. *See* DE 52-1. The letter was sent pursuant to Federal Rule of Criminal Procedure 32.2(b)(6), which states in relevant part that when "the court orders the forfeiture of specific property, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6)(1). Contrary to Defendant's assertion, this letter does not undercut the court's prior conclusion that the forfeiture order contained in the judgment was final. Under the express terms of Rule 32.2(b)(6), notice is only sent *after* a final forfeiture order has been entered. *See United States v. Howard*, No. 5:22-CR-54-FL, 2024 WL 1117001, at *3 (E.D.N.C. Mar. 14,

2024) ("Fed. R. Crim. P. 32.2(b)(6)(A) establish[es] the requisite notice to be given to interested third parties when property is subjected to a *final* forfeiture order.") (emphasis added). So, Defendant's argument is without merit. Moreover, Defendant has not addressed the court's prior finding that his challenge to the forfeiture order is untimely. *See* DE 46 at 3 ("Here, Defendant did not file a notice of appeal, so he has waived any challenge to the forfeiture order."). He has not, therefore, demonstrated that reconsideration is appropriate.

For these reasons, Defendant's motion [DE 52] is DENIED.

SO ORDERED this ___15th___ day of June, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2